Walter FARMER, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–811.

District of Columbia Court of Appeals.

Argued Oct. 21, 1992.
Decided Nov. 24, 1992.

Bert W. Kapinus, Mount Rainier, Md., appointed by this court, for appellant.

Larry J. Gusman, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., and Peter V. Taylor, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WAGNER and KING, Associate Judges, and MACK, Senior Judge.

KING, Associate Judge:

Appellant was charged in a six-count indictment with: 1) armed first-degree burglary, D.C.Code §§ 22–1801(a), –3202 (1989 Repl.); 2) assault with a dangerous weapon ("ADW"), D.C.Code § 22–502 (1989 Repl.); 3) possession of a firearm while committing a crime of violence ("PFCV"), D.C.Code § 22–3204(a) (1989 Repl.); 4) carrying a pistol without a license ("CPWL"), D.C.Code § 22–3204(a) (1989 Repl.); 5) possession of an unregistered firearm, D.C.Code § 6–2311(a) (1981 ed.); and 6) unlawful possession of ammunition, D.C.Code § 6–2361(3) (1981 ed.). He was convicted of first-degree burglary (a lesser included offense of the first count), ADW, PFCV, CPWL, possession of an unregistered firearm, and unlawful possession of ammunition. In this appeal he only challenges the conviction for PFCV. Appellant claims that the trial judge improperly amended that count of the indictment. Finding no error, we affirm.

On December 18, 1990, Timothy Barksdale was awakened in his second-floor apartment by appellant (his neighbor) pounding on his door and calling his name. When Barksdale opened the door, appellant rushed into the apartment, grabbed Barksdale's neck and pushed him. Appellant then forced Barksdale into the hallway, where the two men continued to struggle with each other. During that struggle, appellant pulled a handgun from his sock and threatened Barksdale. Barksdale then ran back into his apartment and locked the door.

Later, appellant returned to Barksdale's apartment, again threatened to kill him, and kicked in the apartment door. When Barksdale heard appellant walking around inside his apartment, he jumped from a window and ran to call the police from a corner telephone. No evidence was presented that appellant had the pistol in his possession during this entry.

When the police arrived, they placed appellant under arrest and advised him of his rights. Appellant informed the police of the location of the pistol, which was recovered behind a radiator in a public hallway of the apartment building where appellant had hidden it.

At the close of the government's case, the trial court granted appellant's motion for judgment of acquittal with respect to the "while armed" element of the first count, leaving the lesser included offense of first-degree burglary for consideration. The trial judge so ruled because, on the government's theory of the case, the armed first-degree burglary charge applied only to appellant's second entry into the Barksdale apartment. For that entry, the judge found that there was insufficient evidence to show that appellant was armed.

Appellant also challenged count three of the indictment. That count charged:

> on or about December 18, 1990, within the District of Columbia, Walter Farmer did possess a firearm, that is, a pistol, or imitation thereof, while committing the crimes of first degree burglary while armed and assault with a dangerous weapon, as set forth in the first and second counts of this indictment. (Possession of a Firearm During a Crime of Violence or Dangerous Offense, in violation of 22 D.C.Code, Section 3204(b)).

In moving for dismissal of that count, appellant argued that because the grand jury charged, in the conjunctive, that appellant possessed a firearm while committing both *armed* first-degree burglary *and* assault

with a dangerous weapon, the count could not stand since the government failed to prove the armed element of first-degree burglary.

The trial judge denied the motion, noting that charging in the conjunctive is necessary to avoid claims of vagueness. The trial judge concluded that the government was not required to prove that appellant possessed a firearm during the commission of both offenses set forth in the indictment in order for that count to survive. In short, Judge Tignor ruled that if the jury unanimously found, beyond a reasonable doubt, that appellant possessed the firearm during the commission of either one of the underlying offenses, i.e., the first-degree burglary or the assault with a dangerous weapon, such finding would be sufficient for a conviction of the PFCV charge.

Later, the trial judge, *sua sponte*, informed counsel that he had reconsidered his previous ruling and had concluded that the motion for judgment of acquittal, with respect to the portion of the PFCV charge alleging commission of first degree burglary, should be granted. The trial judge reasoned that if the evidence was insufficient to prove the armed element of first degree burglary in the first count of the indictment, it was necessarily insufficient to prove that appellant possessed the same firearm while committing the same burglary as alleged in the third count charging PFCV. Appellant did not object to the court's ruling. During final instructions, in accordance with his previously announced intentions, the trial judge informed the jury that in order to find appellant guilty of possessing a firearm during a crime of violence, it must find that appellant possessed a firearm while committing the offense of assault with a dangerous

weapon. Thereafter, the jury convicted appellant of that offense.

On appeal, appellant contends that the PFCV count of the indictment was improperly amended by the trial judge.[1] He argues that since the indictment charged the two predicate offenses in the conjunctive, and the government failed to prove one of them, i.e., that appellant possessed a firearm while committing the crime of first-degree burglary, then the third count in its entirety should have been dismissed. We do not agree.

Appellant maintains that this issue is controlled by *Whalen v. United States*, 379 A.2d 1152 (D.C.1977), *rev'd on other grounds*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). In *Whalen*, this court was presented with an analogous situation involving the offense of burglary. Whalen had been charged in a single count with entering the premises in question with the intent to both steal *and* commit an assault. *Id.* at 1156. At trial, the judge permitted the government to strike the "intent to steal" language from the indictment after the government, in its case-in-chief, failed to produce evidence that such an intent was present at the time of entry. *Id.*[2] Left remaining was a charge that Whalen entered the premises with the intent to commit assault.

Relying in large part on *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), the *Whalen* court held that the trial judge erred in allowing the language to be struck from the burglary count in the indictment. The court concluded that the proper course was to dismiss the entire charge. *Bain* involved a defendant who was indicted for making a false report with the intent to

1. Although appellant's brief challenges count three of the indictment as being "duplicitous," his position in this court can more accurately be labeled as a claim that the trial judge's action amounted to an improper amendment of that count of the indictment. At oral argument, counsel confirmed that such was the argument being advanced in this appeal. In doing so, he relied entirely on *Whalen v. United States*, 379 A.2d 1152 (D.C.1977), *rev'd on other grounds*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), a case involving an amendment of an

indictment. Moreover, appellant's argument before the trial court, though not citing *Whalen*, was an amendment argument rather than a duplicity argument.

2. In the instant case, the government did not move to strike part of the indictment; instead, the trial court acted *sua sponte*. For purposes of this analysis, we find no distinction between the two circumstances. Appellant conceded as much at oral argument.

deceive both the Comptroller of the Currency *and* the agent appointed to examine the affairs of the banking association for which defendant worked. At trial, the government moved to strike that part of the indictment referring to the Comptroller, and the trial court granted that request. In reversing the conviction, the Supreme Court concluded that striking a portion of the indictment was an improper amendment, since a defendant can only be tried upon an indictment as it is found by the grand jury. *Bain, supra,* at 9–10, 7 S.Ct. at 785–786. Moreover, the *Bain* Court observed, the court should not presume that the grand jury would have returned the indictment as it appeared after it was modified by the trial court. *Id.* Adopting that analysis, this court concluded in *Whalen* that it would be speculative to assume that the grand jury would have returned a true bill on the burglary count if the indictment had been presented to it as it appeared after the deletion of the "intent to steal" language by the trial court. *Whalen, supra,* at 1157.

Appellant urges us to hold, because part of the PFCV count was struck from the indictment by the trial judge, that he is entitled, as in *Whalen*, to a dismissal of the entire PFCV count. The government, on the other hand, argues that *Whalen* was undercut to such an extent by the Supreme Court in *United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985), that it should no longer be followed with respect to its holding on this issue. Whether *Whalen* continues to be a viable holding with respect to a charge of burglary, alleged to have been committed with more than a single intent, is not directly before us, and we, therefore, do not decide that question.[3] We are satisfied, however, that the holding in *Miller* defeats the claim made by appellant in this case.

In *Miller*, the defendant was charged in a single count with defrauding his insurer by consenting to a burglary in advance *and* by lying to the insurer about the value of the loss. At trial, however, there was only proof of intent to defraud as to the value of the loss. When the defendant objected to the striking of the part of the indictment referring to his alleged prior knowledge of the burglary, the entire indictment was sent to the jury. After his conviction, Miller appealed, claiming that the trial proof had fatally varied from the scheme alleged in the indictment.

The Supreme Court held that it was not improper "to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it." *Miller, supra,* at 144, 105 S.Ct. at 1819. The Court directly addressed the holding in *Ex parte Bain,* and rejected that part of *Bain,*[4] relied on in *Whalen*, holding that a narrowing of the indictment constitutes an amendment rendering the indictment void. The Supreme Court observed that "to the extent *Bain* [so holds], that case has simply not survived." *Id.* The *Miller* court further explained that "where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." *Id.* at 145, 105 S.Ct. at 1819 (citation omitted).

We find this case to be indistinguishable from *Miller*. The third count of the indictment charged appellant with the commission of a single offense—possession of a firearm while committing a crime of violence—alleging two means by which appellant committed that offense, *i.e.*, possession while committing an armed burglary *and* possession while committing an assault with a dangerous weapon. At trial, there was a failure of proof as to the first

---

3. *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971), does not prevent a division of this court from recognizing that an earlier decision no longer has force due to intervening constitutional rulings which necessitate a change in prior law. *Kleinbart v. United States,* 604 A.2d 861, 870 (D.C. 1992).

4. However, the Court's decision specifically stated that it was not limiting *Bain's* "more general proposition concerning the impermissibility of actual additions to the offenses alleged in the indictment...." *Id.,* 471 U.S. at 144, 105 S.Ct. at 1819.

of those allegations, *i.e.*, while committing an armed burglary. As a result, the trial court granted a motion for judgment of acquittal as to that portion of that count of the indictment. Because the remainder of that count contained a sufficient basis for a finding of possession of a firearm while committing a crime of violence (*i.e.*, an assault with a dangerous weapon), we hold that the trial court properly permitted the surviving portion of that count to be considered by the jury. The trial judge's action in granting, in part, the motion for judgment of acquittal, simply withdrew from the jury consideration of one alleged means of committing the offense. It left intact, however, the allegation of an alternative means of committing the offense, and there was sufficient evidence presented to the jury to support a guilty verdict for that charge.

We conclude, therefore, that the judge committed no error and accordingly the judgment is

*Affirmed.*